

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,268-01

**EX PARTE JOHN BRYAN FINCH, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 16-07-0222-CRA-A IN THE 218TH DISTRICT COURT
## FROM ATASCOSA COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to seventy-two years and six months' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Finch v. State*, No. 04-18-00414-CR (Tex. App. — San Antonio January 5, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because counsel failed to challenge or strike venire members who indicated that they could not be fair in this case, failed to request a change of venue on the basis of pre-trial publicity, failed to request an accomplice-witness instruction with regard to State's witness Matthew Garcia, failed to object to extraneous bad

act evidence pursuant to Rule 403 of the Texas Rules of Evidence, and failed to object to the introduction of unduly prejudicial photographs.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 9, 2022
Do not publish